UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov

February 18, 2026

## LETTER OPINION

Re: *Wertz v. Commissioner of Social Security*
Civ. No. 8:23-cv-02220-DLB

Dear Counsel:

Emily Wertz has filed a Motion for Attorney Fees under the Social Security Act ("Act"), 42 U.S.C. § 406(b), in the amount of $33,746.00. ECF 22. The government does not support or oppose the motion. ECF 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. Dec. 1, 2025). For the reasons set forth below, Wertz's motion for attorney's fees is GRANTED IN PART.

This Court has awarded Wertz's attorney, Arjun K. Murahari, Esq., $4,200 for a total of 18.50 hours worked on Wertz's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 21. Wertz received an Award Notice, in which he was awarded $134,984.00 in past due benefits. ECF 22-3. Subsequently, Mr. Murahari filed a motion in this Court, seeking $33,746.00 in attorney's fees. ECF 22. Mr. Murahari has agreed to reimburse Wertz in the amount of EAJA fees previously received. ECF 22-4; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and Wertz entered into a contingent fee agreement, by which Wertz agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. ECF 19-4. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted itemized reports documenting 18.50 chargeable hours he expended before this Court in Wertz's case. *See* ECF 19-8. If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,824.11 per hour. Mr. Murahari

*Wertz v. Commissioner of Social Security*
Civ. No. 8:23-cv-02220-DLB
Page 2

must therefore show that an effective rate of $1,824.11 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's typical hourly billing rate at the time was $300, ECF 19-7 ¶ 6. Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari. *See Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738 (D. Md. July 25, 2019); *Kimberly B v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2519, 2019 WL 1559426 (D. Md. Apr. 10, 2019); *Matthew C. v. Comm'r, Soc. Sec. Admin.*, No. JMC-20-3240, 2023 WL 3043906 (D. Md. Apr. 21, 2023); *Gina S. v. Kijakazi*, No. 22-2775-MBAH, 2025 WL 2734092 (D. Md. Sept. 25, 2025). However, the requested rate is significantly higher than those awards. Instead, this Court concludes that an hourly rate of $1,400.00, over four times Mr. Murahari's typical hourly billing rate at the time, is a reasonable rate in this case. A rate of $1,400.00 for 18.50 hours of work would result in a fee of $25,900.00, which is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS IN PART Wertz's motion seeking attorney's fees, ECF 22. This Court will award Mr. Murahari attorney's fees totaling $25,900.00. Mr. Murahari is directed to reimburse to Wertz the fees he received pursuant to the EAJA.

Notwithstanding the informal nature of this letter, it should be docketed as an opinion. A separate implementing order follows.

Sincerely,

Deborah L. Boardman
United States District Judge